IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


| | | |
|---|---|---|
| **LUIS RIVERA-NEWTON,**<br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br>Respondent.<br>_____ | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br><br>Civil No. 04-1687 (PG)<br>Related to Crim. No. 98-072(PG) |

## **OPINION AND ORDER**

Before the Court is the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" filed, through counsel, by Luis Rivera-Newton ("Petitioner" or "Petitioner Rivera-Newton"). Pursuant to 28 U.S.C. § 636 (b), and an Order of the Court in implementation thereof, this case was referred to a Magistrate Judge for proposed findings and recommendation. On March 6, 2006, the Report and Recommendation ("R & R") of the Magistrate Judge was filed, to which Petitioner filed objections on March 30, 2006. After reviewing the R & R findings in light of Petitioner's objections, this Court adopts the Magistrate's R & R, as modified below.

## **I. BACKGROUND**

On April 23, 2001,a jury convicted Petitioner of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, more than one kilogram of heroin, and multiple kilograms of

Civil No. 04-1687 (PG)
Criminal No. 98-072(PG)                                          Page 2

marihuana, all in violation to of 21 U.S.C. § 846. (Crim. D.E.[1] 110). On August 31, 2001, the U.S. Probation Office filed a Presentence Report ("PSR"). (Crim. D.E. 539). On September 18, 2001, the United States objected to the PSR arguing that, pursuant to U.S.S.G. § 2D1.1 (b)(1), Petitioner's base offense level should be increased by two additional levels for the use of a firearm. (Crim. D.E. 549). Petitioner also objected to the PSR's calculations on October 2, 2001, asserting that he should not be sentenced under the murder enhancement of U.S.S.G. § 2D1.1 (d)(1), and that he should not receive a role enhancement under U.S.S.G. § 3B1.1(b). (Crim. D.E. 551). On October 12, 2001, Petitioner was sentenced to life imprisonment and ten (10) years of supervised release. (Crim. D.E. 555).

The conviction and sentence were affirmed on direct appeal. <u>United States v. Luis Rivera-Newton</u>, 326 F.3d 253 (D. Puerto Rico 2003).

On July 7, 2004, Petitioner, through Linda Backiel, Esq. (same counsel who represented him on appeal), filed motion to vacate, set aside or correct judgment under 28 U.S.C. § 2255. (D.E.[2] 1). The Court referred the matter to Chief Magistrate Judge Justo Arenas for a Report and Recommendation ("R & R"). (D.E. 5). Chief Magistrate

---

[1]   Crim. D.E. is an abbreviation for criminal case docket entry.

[2]   D.E. is an abbreviation for docket entry.

```
Civil No. 04-1687 (PG)
Criminal No. 98-072(PG)                                          Page 3
```

Judge Arenas recommended dismissal of the Petition and informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of his recommendation. (D.E. 39).  On March 30, 2006, Petitioner filed objections to the R & R. (D.E. 42)[3].  To the extent not modified by this Opinion, the Court adopts the Magistrate Judge's R & R.

**II. STANDARD OF REVIEW**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections.  If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard, and a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals. Santiago v. Canon, U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998); United States v. Vega, 678 F.2d 376, 379 (1st Cir.1982) ("There can be no appeal from a magistrate's report and recommendation unless objections are filed thereto." ). If a party does object to portions of the Report and Recommendation, the Court

---

[3] Petitioner submitted a twenty-seven page objection to the Magistrate's report, two (2) pages in excess of the maximum length allowed without requesting leave to file his motion in excess of said length. See, Local Rule 7.1 (e). Although Petitioner had to strictly adhere to the twenty-five page limit, the Court decided to entertain the objections.

reviews those portions *de novo*. <u>Jasty v. Wright Medical Technology, Inc.</u>, 528 F.3d 28, 33 (1st Cir. 2008). The Federal Rules of Civil Procedure dictate this standard of review in Rule 72 (b), which states, in relevant part:

> The district court to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b).

The relevant statute, 28 U.S.C. § 636(b)(1), provides that when a party objects to a magistrate judge's recommendation on a matter, the district court "shall make a *de novo* determination of ... [the] recommendation[ ]." The district court "may accept, reject, or modify, in whole or in part, the ... recommendation[ ] made by the magistrate judge." § 636(b)(1). And, in conducting its *de novo* review, the district court "may ... receive further evidence [on] the matter." § 636(b)(1).

If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation; 12 Wright, Federal Practice § 3070.2.

**III. DISCUSSION**

Civil No. 04-1687 (PG)
Criminal No. 98-072(PG)                                              Page 5

The Court is of the opinion that the conclusions of the Magistrate Judge are correct and the objections by Petitioner Rivera-Newton are without merit.

Section 2255 allows a convicted person being held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. A properly filed motion under Section 2255 must allege that; (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See, 28 U.S.C. §2255. Accordingly, Section 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255; Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed2d 417 (1962). Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. See United States v. Addonizio, 442 U.S. 178, 184-85, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Habeas review is an extraordinary remedy, and a Section 2255 motion simply is not a substitute for a direct appeal. Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Similarly, a

Civil No. 04-1687 (PG)
Criminal No. 98-072(PG)                                                  Page 6

federal prisoner may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Doe v. United States, 51 F.3d 693, 698 (7th Cir.1995).  Accordingly, in a § 2255 motion, a defendant cannot raise: "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; ... and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992)(emphasis in original).  The parties are not prejudiced in any way by the lack of another opportunity to reargue their case.

Petitioner listed a number of issues under 28 U.S.C. § 2255 in pursuit of habeas relief.  Many of these issues are similar, if not the same.  Petitioner raises the following grounds for relief, some of which were considered and rejected on direct appeal and are hereby presented under a different label:

1. Petitioner alleges that his due process rights were violated by the Government's failure to disclose and concealment of exculpatory evidence regarding witnesses.
2. Petitioner alleges that trial counsel suffered from actual and potential conflicts of interest which afforded counsels performance, depriving him of his Sixth Amendment right to

Civil No. 04-1687 (PG)
Criminal No. 98-072(PG)                                          Page 7

       the assistance of counsel and, further claims, that, even without a conflict of interest, counsel's performance was so deficient as to deprive him of his Sixth Amendment right.

3. Petitioner alleges that counsel failed to assert and protect his right not to be placed twice in jeopardy for the same offense.

4. Petitioner raises that his sentence was imposed in violation of Blakely v. Washington.

5. Petitioner claims that the Government relied on facts it knew or should have known to be false.

On direct appeal, Petitioner raised the following arguments:

1. The district court improperly admitted statements of co-conspirators.

2. The district court erroneously excluded evidence of his prior acquittal in state court for a multiple homicide that formed an integral component of the government's conspiracy case.

3. His attorneys labored under an impermissible conflict of interest.

4. The district court erroneously calculated his offense level under the sentencing guidelines.

Even though Petitioner has cast the conflict of interest argument under the rubric of ineffective assistance of counsel, the

```
Civil No. 04-1687 (PG)
Criminal No. 98-072(PG)                                          Page 8
```

Court of Appeals addressed and rejected this claim. In a collateral attack, a Petitioner may not litigate again issues already raised and rejected on direct appeal nor new issues that could have been, but were not, raised in direct appeal, absent an intervening change in the law. <u>Davis v. United States</u>, 417 U.S. 333, 342 (1974); <u>Singleton v. United States</u>, 26 F.3d 233, 240 (1st Cir.1993).

This Court finds that the Magistrate Judge thoroughly addressed Petitioner's contentions. The record must disclose error of constitutional dimension that deprived Petitioner of a fair trial in order to make out a due process violation. The trial record does not reveal that the trial was unfair and, the alleged trial errors, considered collectively, are not of constitutional dimension.

Petitioner filed objections to the Magistrate Judge's Report and Recommendation and highlighted deficiencies in its draftsmanship. In his lengthy objection memorandum, Petitioner brought to the attention of the Court a number of errors. The Court concurs with the Magistrate Judge's Report and Recommendation in all material respects. However, the Court makes the following modifications, <u>see</u> 28 U.S.C. § 636 (b)(1) (C), which are not material to the Court's decision. These errors include the following:

First, Petitioner takes issue with the word "arguably" as used in the Magistrate's R & R, referring by page to every instance where the word "arguably"is used and then purporting to object to these statements. In general terms, Petitioner states in relevant part:

Civil No. 04-1687 (PG)
Criminal No. 98-072(PG)                                           Page 9

*"The Report presents Petitioner's assertions, qualified as such in part I ("Procedural Background") as 'arguably....' Petitioner requests that this modifier be struck in each and every instance,[...]. When 'arguably' modifies a conclusion or a legal proposition, [] 'Petition argues that' should be substituted."* See, Petitioner's Objections, Page 1, paragraph 4. (D.E. 42).

Second, in reference to page four, line 9, of the R & R, Petitioner asserts: *"In order to avoid unnecessary confusion, counsel's name should be corrected. It is 'Edgar' Vega Pabón, not Jorge."* See, Petitioner's Objections, Page 2. (D.E. 42). This is a misnomer that does not prevent impair review.

Third, in reference to page five, line 9, Petitioner alleges: "*'Petitioner' should be changed to 'Mr. Fernández Ríos' "*. See, Petitioner's Objections, Page 2. (D.E. 42).

Fourth, in reference to page fourteen, line 21, of the R & R, Petitioner states: *"A typographical error converted 'context' into 'contest' "*. See, Petitioner's Objections, Page 5. (D.E.).

The Court agrees with these objections and modifies the R & R accordingly. We have considered the other objections presented by Petitioner and conclude that they lack merit. Eaton v. Angelone, 139 F.3d 990, 995 (4th Cir. 1998)(The Court refuses to transform a federal habeas proceeding into a second trial).

```
Civil No. 04-1687 (PG)
Criminal No. 98-072(PG)                                          Page 10
```

Accordingly, with these modifications and after due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, it is **ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED,** as **MODIFIED** above.  A final judgment dismissing this case with prejudice will issue by separate document.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th of September, 2008.


                                    JUAN M. PÉREZ-GIMÉNEZ
                                    Senior United States District Judge